IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| NELSON SANTOS <br> Petitioner, | * <br> * <br> * |
| v. | * |
| | *   Crim. No. AW-09-598 |
| UNITED STATES OF AMERICA <br> Respondent | *   Civil No. AW-12-2128 <br> * <br> * <br> * <br> * |

**************************************************************************

## MEMORANDUM OPINION

**I.   BACKGROUND**

Before the Court is Petitioner/Defendant Nelson Santos ("Petitioner")'s Motion to Vacate, Set Aside or Correct a Sentence filed pursuant to 18 U.S.C. § 1651. On November 18, 2009, Petitioner was charged in a two-count Indictment of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. §1962(d) (Count 1) and possession of a firearm in violation of 18 U.S.C. §922(g)(1) (Count 2). *See* Doc. No. 1. On July 16, 2010, Petitioner pled guilty and waived indictment to both counts in a written plea agreement, followed by a lengthy colloquy with the Court. Doc. No. 689. On October 22, 2010, Petitioner was sentenced to 190 months for Count 1 and 120 months for Count 2, to be served concurrently, pursuant to the applicable advisory guidelines. Given Petitioner's prior violent criminal history, the Court found the sentencing appropriate and categorized him as a career offender, increasing his offense level. No appeal was filed by the Petitioner within the 14 day time frame pursuant to Fed. R. App. P. 4(b)(1)(A). Doc. Nos. 375, 681 at 30. Final judgment was then entered on November 5, 2010. Doc. No. 375. On July 16, 2012, Petitioner filed for relief from his conviction and sentencing on

1

the basis of deficient counsel and the improper use of predicate offenses by the probation department in his sentencing determination. Doc. No. 675.

Petitioner brings his original motion under 28 U.S.C. § 1651, the All Writs Act. However, in order to seek relief under this statute petitioner must not be in custody. Petitioner in this case is in custody, making his petition inapplicable under § 1651. *See, e.g., United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001); *United States v. Johnson*, 237 F.3d 751, 744 (6th Cir. 2001); *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999).

Courts however have the discretion to re-categorize the legal label used by a *pro se* litigant into the appropriate legal category or construe a *pro se* pleading liberally. *Castro v. U.S.*, 540 U.S. 375, 381 (2003); *Boag v. MacDougall*, 454 U.S. 364, 366 (1982). Therefore, the Court will review Petitioner's motion as a petition for relief under 28 U.S.C. § 2255. In support of his motion, Petitioner asserts several claims for relief. The Court, however, will limit its scope to discussing the timeliness of the petition under 28 U.S.C. § 2255(f).

## II.     ANALYSIS

Section 2255(f) states that a one year period of limitation should apply to all motions filed under this section. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judgment was entered against Petitioner on October 25, 2010, and finalized on November 5, 2010. No appeal was filed by the Petitioner. Petitioner's motion to vacate was then filed with the Court on July 16, 2012, one year and eight months after the date of judgment. *See* Doc. Nos. 375-76, 675. Petitioner's own motion acknowledges this deficiency, stating, "The petitioner in the instant matter does not meet the time frame criteria for a 2255…." Doc. No. 675 at 2.  On these facts, Petitioner's untimely motion fails to meet the criteria established in Section 2255(f)(1).

Petitioner's motion is time-barred, unless he can alternatively satisfy the criteria for Section 2255(f)(2-4). Section 2255(f)(2) is inapplicable on these facts, as Petitioner has failed to assert any claim of impediment created by governmental action which prevented the timely filing of his petition.

Section 2255(f)(3) justifies delay of filing when the right asserted by the Petitioner is initially recognized by the Supreme Court or newly  recognized by the Supreme Court and made retroactive on collateral review. Petitioner, in response to the Government's motion to vacate, now makes a claim under 2255(f)(3), stating that the precedents set forth in two recent Supreme Court cases, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct.1399 (2012) are retroactively applicable to his claims on collateral review. Petitioner posits that the

newly recognized rights asserted in these cases provide justification for his claim and the untimely filing of his petition. The precedents established by the Supreme Court in these two cases, however, are inapplicable to the facts in Petitioner's claim. Additionally, neither *Lafler* nor *Missouri* have been made retroactive on collateral review by the Supreme Court or the 4th circuit. The Supreme Court's holding in these cases applies narrowly to cases where counsel's ineffective advice during pre-trial proceedings led to a rejection of a plea offer and where the prejudice alleged is having to stand trial. *Lafler*, 132 S. Ct. at 1383-88.  The application of *Lafler* and *Missouri* to Petitioner's claim is misguided because Petitioner did not proceed to trial and voluntarily accepted the plea offer. Doc. Nos. 298-99. Petitioner's assertions do not satisfy the requirements for relief under Section 2255(f)(3).

 Finally, Petitioner posits no newly discovered facts supporting his petition. It is evidenced in the record that Petitioner was knowledgeable of all facts of his claim at the time of judgment. Doc. Nos. 298-99. Therefore no justifiable claim concerning lack of knowledge is applicable here under Section 2255(f)(4).

Petitioner has failed to show cause for the delay in filing and has exceeded the time frame for relief from sentencing under 28 U.S.C. § 2255(f)(1)-(4). Since Petitioner's motion is time-barred, the Court will not delve into further analysis of his claims.

For the aforementioned reasons, the Court will **DISMISS** the Motion to Vacate, Set aside or Correct the Sentence filed, as untimely.

### A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255. *See* 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  It is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review.  Accordingly, the Court denies a Certificate of Appealability.

    A separate order will be issued.

| | |
|---|---|
| __April 8, 2013_<br>Date | _____/s/_____<br>Alexander Williams, Jr.<br>United States District Judge |